

FILED

2004 MAY 18 P 5: 14

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MICHAEL SHOWAH** | : | |
| Plaintiff, | : | CIV. NO. 3:02CV329 (RNC)(DMF) |
| vs. | : | |
| **CITY OF BRIDGEPORT, ET AL** | : | |
| Defendants | : | MAY 18, 2004 |

### 56(a) STATEMENT

1.   Michael Showah purchased the property at 3000 Park Avenue In November, 1984. (Deposition of Showah at page 10)

2.   In 1984, Mr. Showah paid $118,000.00 for the house. He bought it with the intention of having an in-home office. (Deposition of Showah at page 11)

3.   In 1984, the Zoning Regulations of the City of Bridgeport permitted an in-home office. (Affidavit of William Shaw)

4.   In 1984, when Plaintiff purchased the property, a nursing home known as 3030 Park was operating on the property directly next to 3000 Park Avenue. (Deposition of Showah at page 19)

BMF04082                                1

5.  The property also abutted two other pieces of property that contained two houses not used for any business but solely residences. (Deposition of Showah at page 19)

6.  The houses abutting this property were used up until this time solely as residences. (Affidavit of William Shaw)

7.  When Mr. Showah bought the property, he was represented by an attorney and knew that he could have a house office there. He had inquired of realtor, lawyer and zoning department. (Deposition of Showah at page 38)

8.  Mr. Showah sold the property in November of 2000 to a physician. The property has been occupied by this person since November, 2000. (Deposition of Showah at page 9)

9.  There was never a cease and desist order to prevent the Plaintiff from operating as a chiropractic at 3000 Park Avenue. (Deposition of Showah at pages 48-49) (Affidavit of William Shaw)

10. The Plaintiff was aware that from the time he purchased the property in 1984 until the date he requested a change of zone that his property was in a Residence Zone and could be utilized for his business as well as his home. (Deposition of John Bashar at page 24)

11.   When the Plaintiff originally purchased the property, he believed it would be beneficial to be next to 3030 Park Avenue because he might get patients. (Deposition of John Bashar at pages 17-18)

12.   In the mid-90's, the Plaintiff was disillusioned with his profession because of problems getting paid.  He was discussing selling the business but knew he needed a change of zone.  (Deposition of John Bashar at page 36)

13.   The first time the Plaintiff requested a change of zone was pursuant to §14-9-2 of the Bridgeport Zoning Regulations.  (Deposition of Showah at pages 30-35)

14.   Section 14-9-2 of the Zoning Regulations was not enacted until August, 1996 as the new regulations.  They were not in existence prior to August, 1996.  (Affidavit of William Shaw)

15.   Mr. Showah never appeared before the Planning & Zoning Commission when they had public hearings to adopt new Zoning Regulations.  Mr. Showah did not have a representative attend the hearings to advocate a change of zone for his property.  (Deposition of Showah at pages 54-55)

16.   From 1984 to 1996, Mr. Showah operated his chiropractic services from his residence with the assistance of a secretary.  He was never asked by a cease and desist to stop the operation as a home chiropractor.  (Deposition of Showah at pages 38-40)

17. Mr. Showah stated he wanted his property re-zoned because it was the only way he could have more than <u>one</u> physician working in his home-office. (Deposition of Showah at page 56)

18. Mr. Showah had been attempting to sell the property since 1995 before he applied for zoning. (Deposition of Showah at page 89)

19. He sold the property for $200,000.00 because he didn't care what the prices was. (Deposition of Showah at page 89)

20. The property was never appraised as commercial because no one would do it. (Deposition of Showah at pages 92-94)

21. The purpose for a change of zone of the property was to make it more valuable for him to sell the property. (Deposition of Willinger at pages 78-80)

22. The decision of the Planning & Zoning Commission did not change the ability of Dr. Showah to continue to utilize the property as a chiropractic office. (Deposition of Willinger at page 78)

23. Other than the senior complex known as 3030 Park, which received numerous variances, there were not similar properties in the area that received a change of zone from Residence A to Residence C. (Deposition of Willinger at pages 30-31)

24. Mr. Showah applied to the Planning & Zoning Commission for a change of zone in 1998 and the Commission denied the application (Exhibit "F").

25. Mr. Showah appealed the denial of the change of zone in 1998 to the Superior Court in Connecticut. The Superior Court affirmed the decision on May 31, 2000 (Exhibit "G").

26. Mr. Showah filed a second application after being granted a motion for reconsideration to again request a change of zone. The second application was also denied by the Commission (Exhibit "J").

27. Mr. Showah failed to appeal the second denial for the change of zone to the Superior Court.

28. Mr. Showah filed a mandamus action with the Superior Court requesting the court order the change of zone based upon the fact that four commissioners voted to approve and only three to deny the change.

29. The Superior Court refused to order a change of zone.

30. The Plaintiff decided to sell his home at 3000 Park Avenue to another professional and relocated out of state.

                                                    THE DEFENDANTS

                                            By: _____
                                                Barbara Brazzel-Massaro
                                                Associate City Attorney
                                                OFFICE OF THE CITY ATTORNEY
                                                999 Broad Street - 2nd Floor
                                                Bridgeport, CT 06604
                                                Telephone #203/576-7647
                                                Fed. Bar No. 05746

## CERTIFICATION

This is to certify that a copy of the foregoing "56(a) Statement" has been mailed, postage prepaid, on this 18th day of May, 2004, to:

Norman A. Pattis, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

Raymond B. Rubens, Esq.
Rubens & Lazinger
295 Congress Street
Bridgeport, CT  06604

*[signature]*
Barbara Brazzel-Massaro
Commissioner of the Superior Court

BMF04082                                6