FILED

2004 AUG 13 A 10: 58

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT   DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| MICHAEL SHOWAH | : | |
| Plaintiff, | : | CIV. NO. 3:02CV329 (RNC)(DMF) |
| vs. | : | |
| CITY OF BRIDGEPORT, ET AL | : | |
| Defendants | : | AUGUST 11, 2004 |

### REPLY TO PLAINTIFF'S OPPOSITION
### TO MOTION FOR SUMMARY JUDGMENT

The Plaintiff' submitted a Memorandum dated June 28, 2004 in opposition to the Defendants' Motion for Summary Judgment.

The main arguments of the Plaintiff, in opposition, are that there are other similarly situated individuals who have been treated differently. In particularly, the Plaintiff, for the first time, provided two addresses and two separate individuals who he contends supports his equal protection claims. However, Plaintiff's facts in support are misleading and incorrect. The Defendants do not deny that zoning applications have been reviewed for the properties at 2450 Park Avenue and 3296 Main Street. However, the Plaintiff's representations are factually incorrect as to similarity about the land use approvals to these properties. The affidavit of William Shaw demonstrates that there are no similar properties that have been granted a

BMF04113                                1

zone change (Exhibit "A").  In order to satisfy the legal criteria, the Plaintiff must satisfy a two part test;  that is, he was treated differently from others similarly situated, and that such treatment was based on impermissible considerations.  <u>Rossi v. City of New York</u>, 246 F. Supp. 2d 212 (2002);  <u>Harlen Associates v. The Incorporated Village of Mineola and Board of Trustees for the Incorporated Village of Mineola</u>, 273 F. 3d 494 (2001).

In the instant action the Plaintiff has not satisfied either part of this test.  Plaintiff mixes apples and oranges when he attempts to compare a change of zone to a variance (see Shaw Affidavit).  The Plaintiff also needed to search for property over a mile away from his property and in a totally different neighborhood to find a property that was re-zoned as Residence C (Shaw Affidavit).  This is a weak effort at finding other supposedly similar properties.  The use of the two named properties demonstrates that there is no similarly situated property that was treated differently.  In fact, one of the main focuses of land use is to look carefully at each property so that there is some consistency in the land use make-ups in an area to create a comprehensive plan.  In the area of the Showah property, it is obvious that the comprehensive plan is for the residential character of the property.  Attorney Bashar confirmed Showah wanted only office use at the property (Exhibit "B" -- Bashar deposition at page11).   Main Street in Bridgeport is a more commercial thoroughfare.  As to the property on Park Avenue that was granted a variance, it is

not out of the residential character and is specifically curtailed in development to the plans presented. There are no changes permitted in a property that receives a variance, unlike a change of zone that allows many uses of the property. In the end, the Plaintiff has failed to show any similar property on Park Avenue that had been granted a change of zone. Additionally, Plaintiff's reference to 3030 Park is not at all similar since that property had been used for senior housing for well over thirty years before Mr. Showah submitted an application. There is no similar property.

The Plaintiff cannot satisfy the second part of the test because he has absolutely no testimony or evidence that the denial was based on an impermissible consideration. The denial was appealed by Mr. Showah to Superior Court with no success. This fact alone is contrary to the claim of an impermissible consideration. However, Plaintiff attempts to speculate as to why the application was denied. In his brief he uses the term "pay to play," but he does not present a scintilla of evidence to lead any reasonable person to believe that the Planning and Zoning Commissioners, or any land use official, made any demands for payment. If this was the case, there is no evidence that the Zoning Commissioners had any knowledge of a demand. The Plaintiff readily admits that after one denial by the Planning and Zoning Commission he engaged the services of Attorney Charles Willinger to represent him. This decision by Mr. Showah, by his own admission, was before he spoke with Mr. Shamiss. It is Defendant's contention that Mr. Showah, having presented and failed

in his attempts, hired Attorney Willinger because he believed he had a good rapport and record with Planning and Zoning in obtaining zoning approvals and, thus, he had a better chance even after a denial (Exhibit "C" – Deposition of Bashar at page 20). The deposition of Attorney Willinger clearly shows that he charged only for services rendered (Willinger deposition at pages 59 and 62 and deposition Exhibit 3 ID).

Also, there is not one iota of testimony or evidence to show any communication or understanding between Mr. Shamiss and the Planning and zoning Commission. In fact, the testimony of Attorney Willinger and Attorney John Bashar confirm the fact that the Commission is historically adverse to granting changes of zoning. Attorney Bashar stated that he was not surprised Mr. Showah did not get an approval (Exhibit "D" – Deposition of Bashar at pages 20-21). Bashar also agrees the area is mostly residential. Lastly, the adviser to the Planning and Zoning Commission recommended denial, as was noted in the Defendants' original memorandum (Exhibits "S" and "T").

Given the total lack of facts to support the Plaintiff's claims, Summary Judgment should be granted.

THE DEFENDANTS

By: _____
Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT  06604
Telephone #203/576-7647
Fed. Bar No. 05746

**CERTIFICATION**

This is to certify that a copy of the foregoing "Defendants Response to Plaintiff's State of Material Facts in Dispute" has been mailed, postage prepaid, on this 11th day of August, 2004, to:

Norman A. Pattis, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

Raymond B. Rubens, Esq.
Rubens & Lazinger
295 Congress Street
Bridgeport, CT  06604

_____
Barbara Brazzel-Massaro

BMF04113

5



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL SHOWAH | : | |
| Plaintiff, | : | CIV. NO. 3:02CV329 (RNC)(DMF) |
| vs. | : | |
| CITY OF BRIDGEPORT, ET AL | : | |
| Defendants | : | July 12, 2004 |

### AFFIDAVIT

I, William Shaw, being of sound mind, hereby depose and say:

1. I am over the age of 18 and believe in the obligation of an oath.

2. I am making this affidavit of my own personal knowledge.

3. I am the Clerk of the Planning & Zoning Commission and have been the Clerk for the Commission during the time period of August, 1996 to the present time.

4. Prior to August, 1996, I was employed in various job duties such as Zoning Inspector, Zoning and Coastal Area Officer, and Zoning Official. In these capacities, I did not have authority to approve an application for a change of zone.

5. As a part of my duties and responsibilities, I would aid individuals filing applications to the land-use boards in Bridgeport.

6.  As a part of my responsibilities, I am familiar with the Zoning Regulations and the By-laws of the Commission. I am also the Department Head for the Zoning Office in the City of Bridgeport and the City Planning Engineer.

7.  The Planning & Zoning Commission is a nine member commission.

8.  I am familiar with the property located at 3000 Park Avenue. It is now zoned and has always been zoned as a Residence A Zone. The Showah property is approximately 16,172 square feet. The property of 3030 Park is approximately 617,720 square feet. The property of 3030 Park Avenue has been in existence in the present use since the 1960's.

9.  The property at 2456 Park Avenue has never applied nor been granted a change of zone to Residence C. To date, the property is zoned as a Residence A zone. This is the same zone classification as the property owned by Mr. Showah at 3000 Park Avenue. The owner at 2456 did apply to another land use board, the Zoning Board of Appeals, for a variance to permit two non-resident physicians to practice at that address. This variance restricts the use to only two physicians and is is not a change of zone such as was requested by Mr. Showah. In order to make any changes in structure or use at 2456 Park Avenue, Zikaras must apply to the appropriate land use board. Unlike a Residence C property there can be no expansion for additional physicians, no change of use for other types of professionals, no change in parking or building structure to add additional floors, or

as of right to allow as much as a four family house. (See Regulations submitted as Exhibit "E" to May 18 Memorandum)

10. Changing the zoning classification to Residence C would allow, subject to a special permit, all of the following uses: Offices, trade uses, and institutional uses. Two, three and four family dwellings are "as of right". Townhouses are permitted subject to a conditional special permit. The maximum building coverage would change from 40% to 60%; maximum site coverage would change from 60% to 70%; minimum landscaping changes from 40% to 30% and the building height changes from 28' and 35' to 4 stories or 45'. Any of these uses may also have an effect upon traffic.

11. The area of Park Avenue is made up of residential uses. There are only three professionals utilizing single-family home structures from Capitol Avenue for the entire length of Park Avenue to Old Town Road consisting of a distance of approximately one mile. The professionals have received a variance and do not have a change of zone. The Planning and Zoning Commission has not granted a change of zone for a professional office use to any doctor, lawyer, chiropractor, dentist, accountant, or other professional on Park Avenue in the area form Capitol Avenue to the Trumbull town line at Old Town Road.

12. The property at 3296 Main Street that was referred to by the plaintiff is not in the same area as the property of Mr. Showah. It is approximately one mile from the

Showah property and is located on one of the busiest commercial and professional corridors in Bridgeport. The entire area that surrounds this property is largely utilized for professional offices and business uses. In particular, the general area of Main Street contains a hospital, a nursing school and the many professional offices associated with the medical and legal field. The property at 3296 is the office of doctors.

13. Other than the application of Mr. Showah, there have not been any applications for a change of zone for professional use to a Residence C submitted to the Commission for property located on Park Avenue since the amendments of the regulations in August of 1996.

_____
William Shaw

Sworn and subscribed before me
this 12th day of July, 2004

_____
Barbara Brazzel-Massaro
Commissioner of the Superior Court



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

COPY

| MICHAEL SHOWAH | | |
|---|---|---|
| Plaintiff(s) | X | CIVIL CASE NO.<br>3:02CV329 (DFM) |
| -vs- | X | |
| CITY OF BRIDGEPORT, ET AL | | |
| Defendant(s) | X | OCTOBER 8, 2003 |

DEPOSITION OF JOHN P. BASHAR, ESQ.

Pretrial deposition taken in the above-entitled action on behalf of the defendant(s), City of Bridgeport, et al, before Dawn C. Cuff, Lic. No. 00142, a Notary Public, pursuant to the Practice Book Civil Rules of Procedure, at the Office of the City Attorney, 999 Broad Street, Bridgeport, Connecticut.



COMPUTER REPORTING SERVICE - (203) 234-1144

BASHER - DIRECT - BRAZZEL-MASSARO                11

1  life by offering more professional services to the
2  residents."
3      Q    Can you tell me, in reading that, what in
4  particular was Mr. Showah attempting to have the
5  Zoning Board approve for him?
6      A    He opened up his office sometime in the
7  1980s at 3000 Park Avenue and resided there and had
8  his offices there. He was trying to change that
9  office use so that there was no requirement to have a
10 chiropractor residing there.
11     Q    So that your understanding is that he
12 didn't want to use it as a residence; he wanted to
13 use it strictly as offices?
14     A    That's correct.
15     Q    Now, let's just go back. You represented
16 him when he first purchased the home at 3000 Park?
17     A    Yes.
18     Q    Okay. When you represented him at the time
19 when he purchased the home, did you know what the
20 zoning requirements were for that piece of property?
21     A    Yes.
22     Q    What were they when he purchased the home
23 in the early 1980s?
24     A    He had to be an owner/occupant.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



COPY

MICHAEL SHOWAH
    Plaintiff(s)  X  CIVIL CASE NO.
             3:02CV329 (DFM)

-vs-  X

CITY OF BRIDGEPORT, ET AL

          X  OCTOBER 8, 2003
    Defendant(s)

DEPOSITION OF JOHN P. BASHAR, ESQ.

Pretrial deposition taken in the above-entitled action on behalf of the defendant(s), City of Bridgeport, et al, before Dawn C. Cuff, Lic. No. 00142, a Notary Public, pursuant to the Practice Book Civil Rules of Procedure, at the Office of the City Attorney, 999 Broad Street, Bridgeport, Connecticut.

|     | BASHER - DIRECT - BRAZZEL-MASSARO | 20 |
|---|---|---|

1   
2    A   Yes.

3    Q   And what did he tell you about that?

4    A   He said that he thought that they had made an error in not granting him this; that he had hired Willinger's office and thought that Willinger's office would be able to get this approved, because they do a lot of planning and zoning in Bridgeport. He was very, very disappointed when it didn't happen.

    And then, he decided to take an appeal of the matter. He talked to me about Willinger wanting a fairly sizable retainer to do the appeal; that he ended up taking the appeal on his own.

Q   Did he ask you to help him at all with the appeal that he brought to Superior Court?

A   No.

Q   Did you look at any of the paperwork regarding the appeal from the denial --

A   No.

Q   -- of the Planning and Zoning Commission for a change of zone?

A   No.

Q   Were you surprised that he didn't get a change of zone?

A   No.



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

COPY

| | | |
|---|---|---|
| MICHAEL SHOWAH | | |
| Plaintiff(s) | X | CIVIL CASE NO. 3:02CV329 (DFM) |
| -vs- | X | |
| CITY OF BRIDGEPORT, ET AL | | |
| Defendant(s) | X | OCTOBER 8, 2003 |

DEPOSITION OF JOHN P. BASHAR, ESQ.

Pretrial deposition taken in the above-entitled action on behalf of the defendant(s), City of Bridgeport, et al, before Dawn C. Cuff, Lic. No. 00142, a Notary Public, pursuant to the Practice Book Civil Rules of Procedure, at the Office of the City Attorney, 999 Broad Street, Bridgeport, Connecticut.

COMPUTER REPORTING SERVICE - (203) 234-1144