UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                          |   |                          |
|--------------------------|---|--------------------------|
| MICHAEL SHOWAH,          | : |                          |
|                          | : |                          |
|      Plaintiff,          | : |                          |
|                          | : |                          |
| V.                       | : | CASE NO. 3:02-CV-329 (RNC) |
|                          | : |                          |
|                          | : |                          |
| CITY OF BRIDGEPORT, ET AL., | : |                        |
|                          | : |                          |
|      Defendants.         | : |                          |

RULING AND ORDER

     Plaintiff brings this action under 42 U.S.C. § 1983 against
the City of Bridgeport, its Planning and Zoning Commission, and
others, claiming that the Commission's failure to approve a zone
change violated his rights to due process and equal protection
guaranteed by the Fourteenth Amendment.  Defendants have moved
for summary judgment.  They contend that plaintiff cannot prove
that he had a protected property interest in the zone change,
that he was treated differently from similarly situated persons,
or that the Commission's action was irrational.  I agree and
therefore grant the motion.

I.    FACTS

     Plaintiff is a chiropractor.  From 1984 to 2000, he owned a
house located at 3000 Park Avenue in Bridgeport, which he used as
a home office.  The character of the neighborhood was residential
with some limited commercial uses.  In 1997, plaintiff's use of
his home as an office became a pre-existing non-conforming use

1

when the area was re-zoned Residential A ("R-A").

In 1998, plaintiff petitioned the Commission for a zone change from R-A to Residential C ("R-C"), which would permit his property to be used as an office building housing two or more professionals.  After two public hearings, the petition was denied on the grounds that the proposed change would introduce new uses to a primarily residential area, result in "spot" zoning, and adversely impact residential properties on nearby side streets by increasing traffic.  Plaintiff appealed to the Superior Court, which affirmed the Commission's decision finding it to be supported by substantial evidence in the record.

Plaintiff filed a second petition.  At a Commission meeting in January 2000, a motion to approve the petition failed to pass due to lack of a quorum.  Commissioners who opposed the petition at the meeting gave essentially the same reasons as before: the change in zoning would adversely impact abutting properties and the neighborhood; the scope of uses allowed in an R-C zone was too broad for the area, which was residential in character, had few businesses, and had been stable for a long time; and the zone change would increase traffic.  This time, plaintiff did not appeal.  Instead, he sought a writ of mandamus ordering the Commission to approve his petition.  The Superior Court denied his request and this lawsuit followed.

II.    DISCUSSION

Standard of Review

A motion for summary judgment may be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  To withstand the defendants' properly supported motion for summary judgment, plaintiff must show that evidence in the record, viewed most favorably to him, would be sufficient to support a jury verdict in his favor.  Mere speculation and conjecture is insufficient.  Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 498-99 (2d Cir. 2001).

Due Process

Plaintiff cannot prevail on his due process claim unless he proves two elements: first, that he had a valid property interest in the granting of the zone change in the sense that he was entitled to have the zone change granted; and second, that the denial of the zone change was so arbitrary as to constitute a gross abuse of authority.  Id. at 503; see also Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999).  The evidence in the record, viewed most favorably to plaintiff, is insufficient to enable him to prove either of these demanding requirements.

With regard to the first, defendants have shown that, under applicable state and local law, the Commission had discretion to deny the zone change, as the Superior Court evidently concluded in affirming the Commission's initial decision and denying plaintiff's subsequent petition for a writ of mandamus.

3

Plaintiff offers no evidence that the Commission actually lacked discretion to deny his request.  At most, he has shown that he reasonably expected to get the zone change because two properties not far from his home office were used as professional offices and a large skilled nursing facility was located next door.  Such a unilateral expectation is insufficient to satisfy the "strict 'entitlement test'" used by the Court of Appeals.  Harlen Assocs., 273 F.3d at 503; DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 130 (2d Cir. 1998).

With regard to the second element, defendants have shown that the Commission members who opposed the requested change supported their opposition with reasons that are not irrational. Plaintiff's evidence shows that reasonable minds could disagree with, and thus reject, one or more of the proffered reasons.  But the evidence falls far short of supporting a reasonable finding that the denial was "so outrageously arbitrary as to constitute a gross abuse of governmental authority."  Natale, 170 F.3d at 263.

Equal Protection

To prevail on his equal protection claim, plaintiff must prove "(1) that [he was] treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."

4

<u>Harlen Assocs.</u>, 273 F.3d at 499 (internal quotations omitted). Here again, plaintiff cannot prove either element.

Plaintiff contends that his former property was similarly situated to, yet treated differently than, properties located at 2456 Park Avenue and 3296 Main Street, both of which were once home offices but now house two or more non-resident professionals.  Replying to this argument, defendants submit an affidavit of the Clerk of the Commission, who is a defendant in this action.  The affidavit states that the owner of the property at 2456 Park Avenue sought and obtained a variance, which differs significantly from a zone change in that the owner can make no further changes to the property or its use without obtaining permission, and that the property at 3296 Main Street is on one of the busiest commercial and professional corridors in Bridgeport, where it is surrounded by professional offices and business uses.  (Shaw Aff., Exh. A, Reply to Pl.'s Opp. Mot. Summ. J., ¶¶ 9-12.)  A jury would have no reason to disbelieve these sworn statements of readily provable objective facts.

Even assuming plaintiff could prove that he was subjected to disparate treatment, which appears not to be the case, he would still have to prove that the difference in treatment was based on an impermissible consideration.  To meet his burden on this element, plaintiff states that shortly before the hearing on his petition in 1998, he received a call from an associate of then-

mayor Joseph Ganim asking how much he was paying his attorney to represent him in connection with the petition, and that his attorney subsequently asked him for an additional fee of $3,000, which he did not pay.  Plaintiff contends that a jury reasonably could infer from this that the Commission denied his petition because he refused to pay a bribe.  I disagree.  The Superior Court found that the Commission's reasons for denying plaintiff's request were supported by the record, which included memoranda from the Planning Department recommending against a zone change for the same reasons cited by the Commission.  To adopt plaintiff's theory that the Commission's decision actually was motivated by his failure to pay a bribe, a jury would have to resort to impermissible speculation and conjecture.

III.  <u>CONCLUSION</u>

For the foregoing reasons, the motion for summary judgment is hereby granted.  Judgment will enter in favor of defendants, dismissing plaintiff's complaint with prejudice.  The Clerk may close the file.

So ordered.

Dated at Hartford, Connecticut this 5th day of October 2005.


_____/s/_____
     Robert N. Chatigny
United States District Judge